IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

RUSSELL E. KLING, M.D.;           )
                                  )
                                  )      2:18-CV-01368-MJH
        Plaintiff,                )
                                  )
    vs.                           )
                                  )
UNIVERSITY OF PITTSBURGH          )
MEDICAL CENTER, UNIVERSITY        )
HEALTH CENTER OF PITTSBURGH, VU
T. NGUYEN, M.D.;

        Defendants,

**Memorandum Opinion and Order**

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. On May 8, 2020, Judge Eddy issued a Report and Recommendation (ECF No. 60) recommending that the Court grant Defendants, University of Pittsburgh Medical Center, University Health Center of Pittsburgh d/b/a UPMC Medical Education's Partial Motion to Dismiss (ECF No. 49) and dismiss Plaintiff, Russell E. Kling, M.D.'s, Negligent Infliction of Emotional Distress ("NIED") claim. The parties were informed that written objections to the Report and Recommendation were due by May 22, 2020. Dr. Kling filed timely written objections, and Defendants filed a response to said objections. (ECF Nos. 61 and 63). Following *de novo* review, Judge Eddy's Report and Recommendation will be adopted, and Defendants' Partial Motion to Dismiss will be granted.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

I.  **Background**

Because the Court writes primarily for the parties, the Court provides only a condensed background here. The facts of this case are provided in greater detail in Judge Eddy's Report and Recommendation in this matter. (ECF No. 60). For purposes of Defendants' Partial Motion to Dismiss Plaintiff's NIED claim, the determinative issue from Dr. Kling's First Amended Complaint is his alleged status as a paid resident physician with Defendants. (ECF No. 47 at ¶ 12). Said status alleges his relationship with Defendants as employee/employer and/or student/university. *Id*.

Among other claims not relevant to this Motion, Plaintiff's First Amended Complaint alleges a claim for negligent infliction of emotional distress. Defendants move to dismiss only this NIED claim. In her May 8, 2020 Report and Recommendation, Judge Eddy concluded that Dr. Kling's NIED claim should be dismissed, because Pennsylvania law does not recognize an employee/employer or a student/university relationship as the basis for an NIED claim. Accordingly, Judge Eddy recommended Defendants' Partial Motion to Dismiss be granted.

II.  **Discussion**

Dr. Kling objects to Judge Eddy's Report and Recommendation, arguing that Judge Eddy erred in concluding that, under the purview of a NIED claim between a college/university and student, no special relationship and no fiduciary relationship can exist. Dr. Kling also objects to her finding that the student/university and/or employee/employer relationship between Plaintiff and Defendants, without more, does not present the potential for deep emotional harm in the event of a breach. Further, he challenges Judge Eddy's determination that neither, nor both relationships together, imply a duty for Defendants to care for Plaintiff's emotional well-being. Finally, Dr. Kling argues that Judge Eddy should have applied the factors set forth in *Toney v.*

*Chester Cnty. Hosp.*, 36 A.3d 83, 95 (Pa. 2011) and that she should have found a special relationship between Plaintiff and Defendants.  (ECF No.  61). These timely objections require the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

### A.     Special Relationship Objections

In three of his objections, Dr. Kling contends that Judge Eddy should have found that he and Defendants maintained a contractual relationship and/or fiduciary relationship sufficient to support his NIED claim.  Dr. Kling also argues that Judge Eddy failed to analyze the factors set forth in *Toney v. Chester Cnty. Hosp.*, 36 A.3d 98 (Pa. 2011), when she determined that no duty exists in this case. Under the pleaded facts, Dr. Kling can only maintain an NIED claim if he can establish that the parties' employee/employer and/or student/university relationship presents any special contractual or fiduciary relationship that is recognized as sufficient to support a NIED cause of action under Pennsylvania law.

A claim of NIED is restricted to situations that include (1) a contract or fiduciary relationship, (2) a physical impact to the plaintiff, (3) the plaintiff was in a zone of danger and reasonably experienced a fear of impending physical injury, or (4) the plaintiff observed a tortious injury of a close relative. *Weiley v. Albert Einstein Med. Ctr*., 51 A.3d 2020, 217 (Pa. Sup. 2012) (citing *Doe v. Philadelphia Cmty. Health Alt. AIDS Task Force*, 745 A.2d 25, 26 (Pa. Super. 2000). Pennsylvania courts have limited contract or fiduciary duty-based NIED claims, to cases presenting "preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of a breach…" *Weiley*, 51 A.3d at 218 (citing *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 95 (Pa. 2011).

3

The *Toney* case involved a patient-mother, who allegedly experienced emotional distress upon birthing her son and observing that he had severe physical deformities and where the hospital had failed to inform her of that fact prenatally. *Toney*, 36 A.3d at 98. In *Toney*, the Pennsylvania Supreme Court, by per curiam decision, recognized the existence of a special relationship between a patient-mother and hospital, based upon finding that the hospital had an implied duty of care for the patient/mother's emotional well-being. *Id*. at 118. Since *Toney*, the court in *Hershman v. Muhlenberg College*, 17 F.Supp.3d 454 (E.D. Pa. 2014) noted that, Pennsylvania's intermediate appellate courts and trial courts have limited special relationships to the narrow grounds announced by *Toney,* and said courts have refused to extend NIED liability any further. *Id*. at 460 (citations omitted).

Furthermore, other courts, who have considered contract or fiduciary relationships to support NIED claims, have not extended the findings from *Toney* to recognize any NIED cause of action for relationships between a college/university and a student and/or between an employer and employee. *Walsh v. Univ. of Pittsburgh*, 2015 WL 128104, at *15 (W.D. Pa. Jan. 8, 2015) (no special relationship between college and student for NIED claim); *Hershman v. Muhlenberg Coll.*, 2014 WL 1661210, at *4 (E.D.Pa. Apr.24, 2014) (same); *MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 594 (W.D. Pa. 2019) (no special relationship between a minor student and a private school); *Black v. Cmty. Educ. Centers, Inc.*, 2014 WL 859313 (E.D.Pa. Mar. 4, 2014) (no special relationship between employer and employee for NIED claim); *Adair v. PricewaterhouseCoopers LLP*, 2011 WL 204624, at *4 (E.D. Pa. Jan. 21, 2011) (same). See also *Denton v. Silver Stream Nursing & Rehab. Ctr*., 739 A.2d 571, 578 (Pa. Super. 1999) (no NIED claim between employer/employee due to lack of duty to protect from

emotional distress). As such, there is no basis to find any NIED liability against the Defendants herein.

Therefore, following de novo review, the Court concurs with Judge Eddy's determination that Pennsylvania law, governing negligent infliction of emotional distress causes of action, has not extended to other special relationships beyond the holding of *Toney*. Further, the Court concurs with Judge Eddy's determination that, under Pennsylvania law, Plaintiff and Defendants did not maintain a special contractual or fiduciary relationship to establish any duty to support liability for Plaintiff's NIED claim. This Court finds no error in Judge Eddy's determination.

      **b.**      **Restatement (Second of Torts) Section 323 Objection**

Dr. Kling next objects because Judge Eddy rejected his argument that the relationship between Plaintiff and Defendants as a student/university and/or employee/employer presents the potential for deep emotional harm in the event of a breach of a duty of care for Plaintiff's emotional well-being. In support of his objection, Dr. Kling advocates for the application of Restatement (Second) of Torts Section 323. (ECF No. 61). Dr. Kling did not reference or analyze Section 323 in his brief in opposition to Defendants' Partial Motion to Dismiss. (ECF No. 52). While Rule 72(b) requires a district judge to conduct a "de novo determination," the rule does not permit a litigant to introduce new legal theories. *Breeden v. Eckard*, 2016 WL 1106893, at *5 (E.D. Pa. Mar. 22, 2016) (citing *Borden v. Secretary of HHS*, 836 F.2d 4, 6 (1st Cir. 1987)). Dr. Kling is not now permitted to introduce Section 323 as an objection to Judge Eddy's Report and Recommendation, because he did not raise the same in response to Defendants' Partial Motion to Dismiss. Accordingly, the Court may deem said argument waived and need not consider the same as a basis to sustain Dr. Kling's objections.

However, even upon consideration of said Section 323(a) objection, Dr. Kling's arguments are unpersuasive.  Section 323 provides as follows:

> § 323. Negligent Performance of Undertaking to Render Services
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)  his failure to exercise such care increases the risk of such harm, or
>
> (b)  the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

Dr. Kling argues that Section 323(a) applies because, Defendants requested official documentation from the psychologist/psychiatrist who evaluated and diagnosed Dr. Kling 's learning disability; they requested a neuropsychological examination of Dr. Kling to be administered by UPMC; they required Dr. Kling to submit to drug and alcohol testing; they instructed him to schedule appointments with a primary care physician and a psychiatrist for medical evaluations; and they instructed Dr. Kling to submit to sleep disorder testing. (ECF No. 47 at ¶¶ 39, 50-51, and 59).  After reviewing the language of Section 323 and searching for its relationship to an NIED claim, this Court finds no applicability here.  The Defendants' requests were not pursuant to services provided to Dr Kling. Dr. Kling has not demonstrated that Section 323 relates to any necessary elements to support the Plaintiff's NIED claim in this case. Therefore, Dr. Kling's Section 323 objection is overruled on the basis that he both failed to raise it before Judge Eddy and that his legal argument fundamentally fails to support his NIED claim.

Judge Eddy's Report and Recommendation to grant Defendants' Partial Motion to Dismiss will be adopted.

ORDER

AND NOW, this 23rd of July 2020, it is hereby ORDERED that Judge Eddy's Report and Recommendation (ECF No. 60) dated May 8, 2020, is ADOPTED as the Opinion of this Court.  Defendants' Partial Motion to Dismiss is GRANTED.  Dr. Kling's negligent infliction of emotional distress claim, Count VIII of Plaintiff's First Amended Complaint, is dismissed. Further, because Pennsylvania has not recognized a special relationship between employee/employer and/or student/university to support a negligent infliction of emotional distress claim, any amendment is deemed futile.

As Defendants have filed their Answer to the remaining Counts of the First Amended Complaint (ECF No. 48), the matter is now referred to Magistrate Judge Eddy for further proceedings.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

7